UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMES JOHN KUCERA, JR.,

      Plaintiff,

                                  CASE NO. 4:12-CV-15218
v.                                HONORABLE GERSHWIN A. DRAIN

MIRIAM JANE BLACK,

      Defendant.
_____/

ORDER OF DISMISSAL

      Plaintiff James John Kucera, Jr., an inmate at the Milan Correctional Facility, is suing his ex-wife, Miraim Jane Black, for her refusal to abide by the terms of divorce judgment which provide for visitations with his son. In particular, Plaintiff asserts that a Judgment of Divorce entered by a Florida court provided that if Plaintiff were imprisoned in a facility within 100 miles of Detroit, that his ex-wife would provide visitations with his son every-other-weekend at the facility. By failing to provide visitations under the judgment, Plaintiff claims that Defendant interfered with his family relationship (Counts I and II), intentionally inflicted emotional distress (Count III), and violated his civil rights (Count IV). He seeks damages and "such other relief as this Court deems just and reasonable." Complaint, at 14.

      Under the Prison Litigation Reform Act of 1996 (the "PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Having reviewed Plaintiff's complaint in this action, the Court concludes that it does not have jurisdiction, and the action must therefore be dismissed.

Plaintiff states that the Court has jurisdiction under 28 U.S.C. §§ 1332 and 1343(a). With respect to § 1332, the complaint is barred by the "domestic relations exception." 28 U.S.C. § 1332(a)(1) grants subject matter jurisdiction to federal district courts in actions between citizens of different states involving matters in controversy exceeding $ 10,000 exclusive of costs and interest. However, in 1859, the Supreme Court announced an exception to the use of the diversity jurisdiction for matters concerning "the subject of divorce, or for the allowance of alimony." *Barber v. Barber*, 62 U.S. 582, 584 (1859). The exception recognizes that the field of domestic relations involves local problems "peculiarly unsuited to control by federal courts." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981). The exception does not apply, however, to suits that are actually tort or contract claims having only domestic relations overtones. *Elam v. Montgomery County*, 573 F. Supp. 797, 801 (S.D. Ohio 1983); *Hooks v. Hooks*, 771 F.2d 935, 942 (6th Cir. 1985).

In *Firestone*, the Sixth Circuit held that the federal court did not have jurisdiction over an action in which it was alleged that a former husband failed to meet his obligations under a divorce decree. The court found that the action was based primarily upon the alleged unfulfilled support obligations of the husband, which was part of the divorce settlement. *Id.* at 1217. The court reasoned that although a domestic relations case may meet the technical requirements for diversity jurisdiction if the parties reside in different states, federal courts have traditionally refrained from exercising jurisdiction over cases which, in essence, are domestic relations disputes. *Id.* at 1215. *See also McLaughlin v. Cotner*, 193 F.3d 410, 415 (6th Cir.1999); *Catz v. Chalker*, 142 F.3d 279, 291 (6th

Cir. 1998) ("Traditionally, marriage, divorce, child custody, support payments, and division of marital assets are uniquely state matters which involve distinct issues of state law").

While it is true that Plaintiff is alleging that his ex-wife's refusal to abide by a visitation schedule also constitutes a tort, this case does not merely have domestic relations overtones – it is in essence a run-of-the-mill domestic relations case that is properly addressed by the state courts. Just as in *Gargallo v. Gargallo*, 472 F.2d 1219, 1220 (6th Cir. 1973), this is essentially a child custody case that Plaintiff has dressed up as a tort case. Accordingly, to the extent Plaintiff claims the Court has diversity jurisdiction, the action is subject to dismissal under the domestic relations exception."

Plaintiff also claims the court has jurisdiction under 28 U.S.C. § 1343(a). This statute provides as follows:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

None of the subsections apply to this case. Subsections (a)(1) and (2) expressly provide United States district courts with jurisdiction over civil actions under 42 U.S.C. § 1985, and the other sections are the jurisdictional counterpart of 42 U.S.C. § 1983. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

Obviously, neither § 1985(1), which prohibits conspiracies to interfere with federal officers in the performance of their duties, nor the first clause of § 1985(2), which prohibits conspiracies to influence parties, witness, or jurors in federal court proceedings, is applicable here. In addition, under both the second clause of § 1985(2), which prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights, and § 1985(3), which prohibits conspiracies to deprive persons of their equal protection rights, a plaintiff must allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Kush v. Rutledge*, 460 U.S. 719, 726 (1983). Plaintiff's complaint does not assert a claim under § 1985 because there are no allegations, conclusory or otherwise, of either a conspiracy or any class-based motivation with regard to defendants' actions.

Nor can Plaintiff invoke the Court's jurisdiction under 42 U.S.C. §1983. The protection afforded by the Fourteenth Amendment does not extend to private acts and conduct. *National Collegiate Athletic Assoc. v. Tarkanian*, 488 U.S. 179, 191 (1988). A private party may be deemed to be a "state actor" only if the party's actions are "fairly attributable to the state." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff does not allege that his wife is a state actor.

Accordingly, the Court does not have jurisdiction under either 28 U.S.C. § 1332 or § 1343(a), and must therefore be dismissed.

For these reasons,

**IT IS HEREBY ORDERED** that Plaintiff's complaint is hereby **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that any appeal from this order would be frivolous and not in good faith. Therefore, leave to appeal *in forma pauperis*, will be **DENIED**.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Court

Dated: December 12, 2012