UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMES JOHN KUCERA, JR.,

       Plaintiff,

                                                                  CASE NO. 4:12-CV-15218
v.                                                          HONORABLE GERSHWIN A. DRAIN

MIRIAM JANE BLACK,

       Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On December 12, 2012, the Court dismissed this action under the domestic relations exception. See *Barber v. Barber*, 62 U.S. 582, 584 (1859). Petitioner has now filed a motion for reconsideration. For the reasons that follow, the motion for reconsideration is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith*, 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward*, 340 F. Supp. 2d at 774.

Petitioner's motion for reconsideration will be denied because Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus. *See Hence v. Smith*, 49 F. Supp. 2d at 553. Petitioner argues that this diversity action only coincidently involves torts arising out of a divorce decree and should not have been dismissed under the domestic relations exception. This

issue was presented in his complaint, and the Court addressed it in its order of summary dismissal.

Plaintiff now states that the complaint is not subject to the domestic relations exception because it is a tort action seeks nothing other than monetary damages. Nevertheless, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *Danforth v. Celebrezze*, 76 Fed. Appx. 615, 616 (6th Cir. Ohio 2003). This action, despite Petitioner's protestations, asks the Court to get involved in the interpretation and enforcement of his divorce decree. Such an action is barred by the domestic relations exception. See, e.g., *McLaughlin v. Cotner*, 193 F.3d 410, 413 (6th Cir. Ohio 1999) ("Plaintiff is attempting to disguise the true nature of the action by claiming that she is merely making a claim for damages based on a breach of contract. However, the alleged 'contract' is part of a separation agreement that was voluntarily entered into by the parties, and the separation agreement was incorporated into the divorce decree. This case thus involves issues arising out of conflict over a divorce decree, and, according to *Ankenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992), comes within the 'domestic relations exception.'").

Based upon the foregoing, **IT IS ORDERED** that the motion for reconsideration [Dkt. # 9] is **DENIED**.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Court

Dated: February 8, 2013